■ BERNADETTE O'HARE, as Executrix of PATRICK J. O'HARE, Deceased, Appellant, v TRADEWINDS CORP. et al., Defendants, and FREEPORT BOATMEN'S ASSOCIATION, INC., Respondent.—In an action to recover damages for pain and suffering and wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated June 19, 1984, which granted the motion of the defendant Freeport Boatmen's Association, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it.

Order affirmed, with costs.

The plaintiff's decedent Patrick O'Hare drowned after falling overboard from the *"Nite Owl II",* a charter boat hired out for a "moonlight sail" by a group of his fellow employees at Aer Lingus. This suit by his executrix was brought against Tradewinds, Inc., owner of the *"Nite Owl II,"* James Lanzarotta, captain of the vessel and the principal officer of Tradewinds, Inc., and the respondent Freeport Boatmen's Association, Inc. (hereinafter FBA), a nonprofit corporation comprised of independent charter boat operators from the Freeport, Long Island, area, which included Lanzarotta among its members.

FBA did not supervise or control in any manner the operation or management of its members' vessels, and the evidence in the record shows that FBA's only connection with the charter group was that the charter reservation was made at its office and that its letterhead is on the booking sheet, a copy of which went to the charter group. All moneys were paid directly to the vessel operator, and none was shared with FBA. Absent from the record and from the plaintiff's opposi-

tion papers is any affidavit or testimony of a person with personal knowledge of the circumstances surrounding the chartering of the *"Nite Owl II"*.

The plaintiff has failed to offer evidentiary proof in admissible form or an acceptable excuse for her failure to counter FBA's prima facie showing that it is entitled to judgment as a matter of law. Thus, Special Term correctly granted FBA's motion for summary judgment *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553-554). Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.