■ CHARLES DUPPER et al., Plaintiffs, v CONRAIL, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. GEIGER LUMBER COMPANY, Third-Party Defendant-Appellant. (And Another Title.)—In an action to recover damages for personal injuries, etc., the third-party defendant Geiger Lumber Company appeals from an order of the Supreme Court, Orange County (Beisheim, J.), dated November 26, 1984, which denied its motion for summary judgment dismissing a third-party complaint against it.

Order reversed, on the law, with costs, motion granted, and the third-party complaint dismissed.

The plaintiff Charles Dupper, a yard man in the employ of the third-party defendant Geiger Lumber Company (hereinafter Geiger), was allegedly injured while opening a railroad boxcar at a siding on Geiger's premises. The plaintiffs commenced an action against Conrail, which owned and maintained the tracks and delivered the boxcar in question, and against the Evergreen Freight Car Corporation (hereinafter Evergreen), which owned the boxcar. The complaint contained causes of action sounding in negligence, strict products liability and breach of warranty.

Conrail, in turn, commenced a third-party action against Geiger, Mr. Dupper's employer, seeking contribution and/or indemnity. In its bill of particulars in the third-party action, Conrail claimed, *inter alia,* that third-party defendant Geiger had negligently failed to provide a safe workplace for its employee by not inspecting or testing the boxcar door and locking mechanism prior to permitting its employee to operate same, by not providing adequate training and supervision, and by not providing additional employees to assist in the unloading of such boxcars.

Subsequently, the third-party defendant Geiger moved for summary judgment dismissing Conrail's third-party complaint. In support of the motion, Geiger submitted an affidavit of its president, Charles Geiger. In addition, Geiger submitted, *inter alia,* excerpts from the examinations before trial of several witnesses in the action including the plaintiff Charles Dupper, and Frank Montimurro, who was employed as a foreman at Geiger on the date of the accident.

According to Montimurro, Geiger generally utilized two people to unload lumber from a boxcar such as that which was on the Geiger siding when the accident occurred. The procedure for unloading such a railroad car involved breaking the seal on the door to the car, opening the door and then removing the lumber from within by use of a forklift, beginning with the lumber stored in the center portion of the car. Geiger employees were only authorized to unload railroad cars at his direction or at the direction of Charles Geiger.

On the morning of April 3, 1978, the day of the accident, Montimurro did not direct Charles Dupper to unload the boxcar. However, he did tell Mr. Dupper that they would be opening the car together. They set out to perform their task, but Montimurro returned to his office to answer a telephone call.

According to the plaintiff Charles Dupper, he had been employed at Geiger for approximately eight years prior to the accident. As a yard man, his duties included loading and unloading, and he had opened similar boxcars at least 500 times prior to the date of the accident. On that date, he proceeded alone to the boxcar and began to open it. Using a pair of tin snips, he cut the seal on the door. He then attempted to unlock the door by rotating a wheel which, in turn, caused certain bars to disengage. As he did so, one of the bars sprung free and struck him across his nose and left eye.

Based upon the foregoing testimony, and upon the pleadings

and bills of particulars served in the action, Charles Geiger contended in his affidavit that the company was entitled to summary judgment dismissing Conrail's third-party complaint. In particular, Mr. Geiger asserted that there was no evidence that the company had negligently failed to provide a safe workplace for its employee, there was no evidence that it had breached a duty to perform an inspection of the boxcar prior to permitting its employee to open it, and, in any event, Mr. Dupper attempted to open the car without the authorization of his employer, and there was no evidence that Geiger had failed to properly train and supervise its employees, particularly since Mr.Dupper was an experienced employee and had admittedly opened identical doors on hundreds of prior occasions.

In opposition to the motion for summary judgment, the third-party plaintiff Conrail supplied an affirmation of its attorney. In this affirmation, counsel incorporated and relied on portions of the examinations before trial of the plaintiff Charles Dupper and his foreman, Frank Montimurro, which indicated that the plaintiff had been told by Montimurro that they would unload the boxcar together, thereby establishing that Mr. Dupper was acting pursuant to the direction of his employer, the third-party defendant Geiger, at the time of the accident.

By order dated November 26, 1984, Special Term denied the motion for summary judgment dismissing the third-party complaint. The court found that questions of fact had been raised as to the liability of the third-party defendant Geiger which precluded the granting of summary judgment in its favor.

Having reviewed the papers and exhibits submitted in conjunction with the motion at Special Term, we conclude that the motion should have been granted. Although there may have been a triable factual dispute as to whether Mr. Dupper was authorized by Geiger to commence the unloading of the boxcar before Montimurro or other Geiger employees were present to assist him, that is of no moment. It was established that Mr. Dupper was not injured in the course of unloading. Rather, the injury occurred while Mr. Dupper was merely opening the boxcar, and it was uncontroverted that the task of opening cars was regularly performed by a single employee. In fact, Mr. Dupper had, by his own admission, performed the identical procedure on literally hundreds of prior occasions. Thus, it cannot be said that Geiger's failure to have other persons present to either train, supervise or assist Mr. Dupper

with the opening of the boxcar door contributed to the accident. Moreover, it was uncontroverted that Geiger did not design, manufacture, own, operate or otherwise control the railroad car in question, and the papers in opposition to the motion for summary judgment failed to raise a triable issue as to whether Geiger had neglected to maintain a safe workplace for its employee merely because Evergreen's railroad car had been delivered by Conrail to Geiger's siding for the purpose of delivering lumber. Finally, Conrail's conclusory assertion that Geiger was under a duty to inspect the door mechanism before permitting its employee to operate the same did not raise a triable issue in the absence of some evidentiary showing as to how such an inspection could have been performed and what it would have revealed.

Simply put, the third-party plaintiff Conrail failed to offer evidentiary proof in admissible form which was sufficient to counter the third-party defendant Geiger's prima facie showing that it was entitled to judgment as a matter of law (see, *GTE Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967-968; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 560; *O'Hare v Tradewinds Corp.,* 118 AD2d 632). In sum, Conrail demonstrated no issue as to a negligent act or omission by Geiger which could be found to have been a proximate cause of Mr. Dupper's injury. Accordingly, the order must be reversed, and the motion for summary judgment dismissing the third-party complaint granted. Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.