■ ROELAND CARIS, Appellant, v LOUIS MELE et al., Defendants and Third-Party Plaintiffs-Respondents. CITY OF NEW YORK, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—In an action to recover damages for personal injuries and loss of services, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Duberstein, J.), dated December 1, 1986 which granted the motion of the defendants Harrow's and Harrows' Stores, Inc., and the separate motion of the defendant Mele pursuant to CPLR 3212, for summary judgment dismissing the complaint and all cross claims and counterclaims against them, and denied plaintiff's cross motion for summary judgment on the issue of liability; and (2) from a judgment of the same court entered December 17, 1986 thereon.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, who was 23 years old at the time of the accident, was rendered a quadriplegic as a result of injuries he sustained when he dove into an above-ground swimming pool on June 11, 1979. In the instant action to recover damages for these injuries, the plaintiff alleged that the defendants breached their duty to warn him of the hazards of diving "headfirst" into a pool four feet in depth.

Following joinder of issue and extensive discovery, the defendants separately moved for summary judgment dismissing the claims against them. The plaintiff cross-moved for summary judgment on the issue of the defendants' liability.

The Supreme Court granted the defendants' motions, holding that

"the alleged failure to warn the plaintiff and the lack of warning signs was not the proximate cause of the plaintiff's accident and injuries * * *

"there is no genuine issue of material fact requiring a trial as to the proximate cause of the plaintiff's injuries". We agree.

Viewing the evidence in a light most favorable to the plaintiff, there was no duty to warn the plaintiff of the obvious danger involved, i.e., that "which he [should have] appreciated to the same extent as a warning would have provided" (Prosser and Keeton, Torts § 96, at 686 [5th ed]; *see, e.g., Smith v Stark,* 111 AD2d 913, *affd* 67 NY2d 693).

Based upon the evidentiary materials before the court, no issue of fact remains for the trier of fact and, therefore, the complaint was properly dismissed *(see, Maddox v City of New York,* 66 NY2d 270; *Hoffman v Silbert,* 19 NY2d 661). Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.