(December 10, 1987)

■ FRITZ SOUFFRANT et al., Respondents, v QUALITY WHOLESALE VEAL CENTER, INC., Appellant and Third-Party Plaintiff-Appellant. ALLE PROCESSING CORPORATION et al., Third-Party Defendants-Appellants.—Order of the Supreme Court, New York County (Ethel B. Danzig, J.), entered January 30, 1987, which denied defendant Quality Wholesale Veal Center, Inc.'s motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, and the motion granted, without costs or disbursements.

On March 16, 1983, plaintiff Fritz Souffrant and third-party defendant Irving Szmerkes, both employees of third-party defendant Alle Processing Corporation (Alle), went by truck to pick up a veal order at the premises of defendant Quality Wholesale Veal Center, Inc. (Quality) on West 13th Street, in Manhattan. The front of these premises has a marquee suspended over the sidewalk. There is also a track system extending from the building out to the sidewalk, with hooks which convey the meat from inside to the sidewalk loading area. Since the bed of a loading truck is at least several feet from the ground, Quality also provided a removable metal stand, consisting of three steps and a small platform, to assist the pickup of the meat. In accordance with their regular procedure, plaintiff, who had been the truck driver's helper for about a year and a half previously, got out of the truck. He stood at its rear directing driver, Szmerkes, to back up toward the metal stand. As he continued to direct Szmerkes with his left hand, his right hand got caught between the truck and stand, injuring it.

Barred by the Workers' Compensation Law from suing Alle

or Szmerkes, plaintiff brought this action against Quality, alleging negligence in its permitting the metal stand to remain on the public sidewalk. Quality impleaded Alle and Szmerkes as third-party defendants.

After discovery, defendant Quality moved for summary judgment. The Supreme Court denied the motion, finding that mixed questions of law and fact precluded summary judgment. We disagree, finding this to be the rare negligence case appropriate for summary judgment (see, Andre v Pomeroy, 35 NY2d 361). Accordingly, we reverse and dismiss the complaint.

There are no issues of fact presented with respect to negligence on the part of defendant. Administrative Code of the City of New York § 692h-1.0, relied upon by the court as raising an issue of negligence per se, is inapplicable herein. That section of the Administrative Code made it unlawful to encumber or obstruct any *street* with any article or thing whatsoever. It was declared unconstitutionally vague and overbroad in 1967 in *People v Katz* (21 NY2d 132) and no replacement provision was ever drafted. On appeal, plaintiff for the first time asserts that application of Administrative Code § 693-1.0, now renumbered section 19-147, raises issues of fact. That provision states:

"Interference with sidewalks.—a. It shall be unlawful for any person to take up any sidewalk or any part of a sidewalk, for any purpose, whatever, without the written permission of the commissioner, under the penalty of twenty-five dollars for each offense.

"b. The provisions of this section shall not apply:

"1. To the making of necessary repairs to any such sidewalk;

"2. To the resetting, when necessary, of any curb or gutter stone that may have become displaced, broken or sunken;

"3. To the necessary repair or alteration of any coal slide under a sidewalk."

It is clear that the provision covers "taking up" or excavating sidewalks, not placing objects thereon, and is thus also inapplicable.

Plaintiff's further assertion, that defendant Quality may be liable because one of its employees directed the driver to back up further, is not persuasive. While the relevant underlying facts appeared in the motion papers, plaintiff did not consider this claim strong enough to raise it in opposition to the dismissal motion before the nisi prius Judge. It is apparent

from plaintiff's own deposition that he had no basis for the assumption that the anonymous individual was an employee of defendant. Further, even assuming that it was an employee of defendant and that, by the direction, defendant's agent undertook a duty to assist the driver in a safe fashion, such direction could not have been a proximate cause of the accident in light of Szmerkes's testimony that he never heard any such direction and did not rely on any such direction in moving the truck.

As to the claim that defendant was negligent in failing to supervise the loading area, it had no duty to supervise plaintiff and his co-worker-driver in the common and ordinary activity of backing up the truck. They had previously performed the same task many times before on their own, without defendant's assistance (see, Dupper v Conrail, 120 AD2d 638, 640). In Pulka v Edelman (40 NY2d 781), the Court of Appeals, similarly, held that owners of a parking garage had no duty to pedestrians to direct vehicles exiting their garage, even though use of the public sidewalk was also involved in that case.

Even assuming, arguendo, that Quality was somehow negligent, its negligence was not a proximate cause of the accident. The metal stand was not a latent or unknown hazard which could not be avoided. The accident could have occurred in the same manner had the driver been backing up to a loading dock or other object. Liability based upon occurrences such as this is limited by the doctrine of proximate cause, applied by declining to trace a series of events beyond a certain point, under the reasoning that the event merely furnished the occasion or condition for the occurrence of the further event, but did not "cause" it (see, Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950).

Thus, where an auto went out of control in a car wash, and injured a plaintiff who brought an action alleging improper design and maintenance and absence of a warning sign, the Court of Appeals noted: "The courts have rejected attempts by plaintiffs in similar circumstances to show a causal connection between the design or maintenance of the premises and negligent operation of a vehicle [citations omitted]. In essence, the accident happened as a result of the driver's failure to control his vehicle. The premises 'merely furnished the condition or occasion for the occurrence of the event rather than one of its causes' (Sheehan v City of New York, 40 NY2d 496, 503; see Rivera v City of New York, 11 NY2d 856)" (Margolin

*v Friedman,* 43 NY2d 982, 983). Concur—Murphy, P. J., Ross, Asch and Smith, JJ.