■ Noris Cummings et al., Plaintiffs, v Arde Realty Corporation, N. V., et al., Defendants and Third-Party Plaintiffs-Appellants. Anton Wallman Trucking, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Appeal from an order of the Supreme Court, New York County (David Edwards, Jr., J.), entered December 29, 1988, deemed an appeal from a judgment of said court, entered April 5, 1989, which granted the motion of third-party defendant Anton Waldman Associates, Inc., sued herein as Anton Wallman Trucking, pursuant to CPLR 3212, for summary judgment dismissing the third-party complaint of Arde Realty Corporation, N. V. and Ketrec Management Corporation, unanimously affirmed, with costs.

The court below properly granted the motion by third-party defendant, plaintiff's employer, for summary judgment dismissing the third-party complaint, asserting claims for indemnification and contribution, brought by owners of the loading dock where plaintiff slipped and fell from a ramp while making a delivery. Third-party plaintiffs' conclusory claim that plaintiff's employer failed to properly train, instruct or direct its employee in the performance of this work in a proper and safe manner was insufficient, as a matter of law, to defeat the motion for summary judgment (Zuckerman v City of New York, 49 NY2d 557, 560). Plaintiff's employer had no duty to train, instruct or direct its employee in the common and ordinary activity, previously performed many times by plaintiff, of walking up a ramp (Souffrant v Quality Wholesale Veal Center, 135 AD2d 398, 400; Dupper v Conrail, 120 AD2d 638, 640-641). This is all the more true where examinations before trial established that the proximate cause of plaintiff's fall was the presence of a slippery foreign substance on the ramp.

Although an appeal was taken from the order granting summary judgment entered December 29, 1988, but not the subsequent judgment entered April 5, 1989, implementing that order, we have, in the interest of judicial economy, deemed the appeal from the order to be an appeal from the subsequent judgment in which the order was subsumed, and have considered the appeal on the merits (Chase Manhattan Bank v Roberts & Roberts, 63 AD2d 566, 567; National Bank v

*Kory,* 63 AD2d 579, 580). Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Smith, JJ.