■ CAROL A. GIBBONS, as Administratrix of the Estate of JAMES R. GIBBONS, SR., Deceased, Respondent, v COUNTY LEGISLATURE OF OSWEGO COUNTY, Appellant, and VILLAGE OF PULASKI, et al., Respondents, et al., Defendant. (Appeal No. 1.) —Order unanimously reversed on the law without costs, defendant's motion granted and complaint dismissed. Memorandum: Plaintiff brought these actions to recover damages for the conscious pain and suffering and wrongful death of her husband, who drowned in the Salmon River while participating in a salmon fishing derby cosponsored by defendants County Legislature and Genesee Brewing Company, Inc. (Genesee). The complaint alleges that the drowning occurred as a result of the opening of upstream dam gates by defendant Niagara Mohawk Power Corporation.

Defendants County Legislature and Genesee separately moved for summary judgment. Each submitted proof that its sole involvement in the salmon derby was limited to the donation of money for prizes and promotional material. Each

averred that it exercised no control or supervision over the event. In denying the motions, Supreme Court ruled that whether the moving defendants owed a duty to plaintiff's decedent presented a question of fact for the jury. That was error.

Whether a duty is owed by one member of society to another presents a legal issue to be determined by the courts *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8, *rearg denied* 72 NY2d 953; *Eiseman v State of New York,* 70 NY2d 175, 187; *De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055). Ordinarily, the law "does not impose a duty to control the conduct of third persons to prevent them from causing injury to others; liability for the negligent acts of third persons generally arises when the defendant has authority to control the actions of such third persons" *(Purdy v Public Adm'r of County of Westchester, supra,* at 8).

Here, the sponsors of the fishing derby exercised no control or supervision over the event or over defendant Niagara Mohawk Power Corporation, and thus they owed no duty to plaintiff's decedent *(see, Vogel v West Mountain Corp.,* 97 AD2d 46). Summary judgment must be granted to each moving defendant dismissing the complaint. (Appeal from order of Supreme Court, Oswego County, Donovan, J.—summary judgment.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.