■ In the Matter of MARTHA J. FRANZE et al., Appellants, v COUNTY OF CHAUTAUQUA, Respondent. [594 NYS2d 944] —Order affirmed without costs. Memorandum: In this action to recover for personal injuries sustained by plaintiff Martha Franze, plaintiffs appeal from an order that granted the motion of defendant County of Chautauqua for summary judgment dismissing the complaint. The injury occurred on the premises of the County-operated nursing home, where plaintiff, a beautician, was performing hair dressing services for a wheelchair-bound resident. Plaintiff's technique involved tipping the resident's wheelchair backwards and hooking its handles over the edge of the tub in order to shampoo or rinse the resident's hair. Plaintiff allegedly injured her back while tipping or lifting the resident's wheelchair.

We conclude that the court properly granted defendant's motion for summary judgment. In our view, the County is not liable for plaintiff's injuries. There is no basis on this record to

conclude that the County had any duty to protect plaintiff from injuring her back while performing hair dressing services. Plaintiff was an independent contractor whom the County allowed on the nursing home premises for her own benefit and for the benefit of her customers, nursing home residents who independently contracted with plaintiff for beauty care. There is no colorable contention that there was a defect in the premises (see, Macey v Truman, 70 NY2d 918, 919), and we cannot agree with plaintiff's assertion that the County was obligated to equip plaintiff for her task.

Nor can we equate the conversation between plaintiff and a nurse's aide with an assumption of duty on defendant's part. Seven years before this incident, when plaintiff first went to the nursing home to conduct her hair dressing business, plaintiff asked a nurse's aide "how prior beauticians rinsed [the hair of] people that were in wheelchairs that could not get out of their wheelchair". The aide advised plaintiff that the prior beautician tipped the wheelchair in a reclining position and hooked its handles over the edge of a tub. In plaintiff's words, "that's the way she [the nurse's aide] had seen it done". Providing that information did not give rise to a duty on the County's part to protect plaintiff from the "unfortunate consequences" of her own overexertion (see, Macey v Truman, supra).

Plaintiff also places reliance on the fact that, on prior occasions, County employees had responded to her requests for help in tipping or lifting patients. The fact that defendant's employees occasionally had accommodated plaintiff by helping her does not give rise to a duty to continue to do so. Further, plaintiff had performed the same task many times before without assistance, thus negating any duty to assist (see, Souffrant v Quality Wholesale Veal Ctr., 135 AD2d 398, 400; Dupper v Conrail, 120 AD2d 638, 640-641). In any event, this is not an instance in which plaintiff asked for help and was refused. The record unequivocally establishes that plaintiff was injured while attempting to lift a patient by herself, without either asking or waiting for help from defendant's employees. The law does not impose an affirmative and continuous obligation on defendant's employees to supervise plaintiff's activities for plaintiff's own protection.

All concur, except Lawton and Fallon, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Fallon, JJ. (dissenting). We respectfully dissent. In our view, Supreme Court erred in granting defendant's motion for summary judgment. Defendant arranged with

plaintiff Martha J. Franze to service the hair dressing needs of its nursing home residents. Plaintiff was provided with some equipment including a beauty chair and a wheelchair with a reclining back. That equipment was not adequate to permit plaintiff to shampoo the wheelchair-bound invalid residents who desired plaintiff's services. Instead, their hair was washed and rinsed by tipping the occupied wheelchair at an acute angle and hooking its arms over the side of a bathtub in a nearby shower room. Generally, one of defendant's nurse's aides was available to assist plaintiff when the need arose. Plaintiff allegedly injured her back while lifting the wheelchair of a resident whose hair needed to be rinsed at a time when none of defendant's employees were available to help her. According to plaintiff, the technique was suggested to her and demonstrated by one of defendant's nurse's aides as being a "safe" method and one that had been used by the previous hairdresser.

Whether a legal duty is owed by one member of society to another presents a question of law *(De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053, 1055; *Akins v Glen Falls City School Dist.,* 53 NY2d 325, 333; *Gibbons v County Legislature,* 161 AD2d 1196, 1197), the determination of which depends upon whether plaintiff's interests are entitled to legal protection against defendant's conduct *(Eiseman v State of New York,* 70 NY2d 175, 189-190). Once it is determined that such a duty exists, the concept of foreseeability determines the scope of that duty *(Pulka v Edelman,* 40 NY2d 781, 785).

Under those circumstances, we would conclude that defendant owed plaintiff a duty of care to provide her with reasonably safe means to perform her services in light of the special needs of its residents. Whether defendant breached that duty of care or whether plaintiff was herself negligent in not waiting for assistance, are factual issues that may be resolved only upon the trial of this action. Thus, we believe that neither plaintiff nor defendant is entitled to summary judgment. (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Fallon and Davis, JJ.