■ MICHELLE SHUBERT, Plaintiff, v BENNETT MANUFACTURING COMPANY, INC., et al., Defendants. BENNETT MANUFACTURING COMPANY, INC., Third-Party Plaintiff-Respondent, v J.B. HUNT TRANSPORT, INC., Third-Party Defendant-Appellant. [607 NYS2d 30] —Order, Supreme Court, New York County (Myriam Altman, J.), entered December 30, 1992, which, *inter alia,* denied third-party defendant Hunt's motion for summary judgment dismissing the complaint against it pursuant to CPLR 3212, unanimously affirmed, without costs.

Plaintiff, a truck driver employed by third-party defendant Hunt, was injured when cargo loaded by defendant Bennett Manufacturing Company, Inc. (Bennett) spilled out of the truck when the doors were opened. It was conceded for the purpose of the motion below that the cargo, consisting of cabinets each weighing hundreds of pounds, was not adequately secured against slippage, as the top two crates were

joined together with two-by-fours, but not otherwise secured so as to prevent them from shifting in transit. It was conceded by Bennett on the motion below, and is conceded on this appeal, that " '[w]hen the shipper [i.e., Bennett] assumes the responsibility of loading, the general rule is that he [the shipper] becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper.' " *(Ebasco Servs. v Pacific Intermountain Express Co.,* 398 F Supp 565, 568.)

Contrary to Hunt's contention, it has not established, as a matter of law, that the defect in securing the load, even if "apparent", would also have been so obvious to an ordinary person as to absolve Hunt of any negligence in failing to train plaintiff in inspecting the cargo prior to sealing the truck. The loading of cargo, unlike walking on a ramp *(Cummings v Arde Realty Corp.,* 154 AD2d 321) opening a boxcar door *(Dupper v Conrail,* 120 AD2d 638) or backing up a truck *(Souffrant v Quality Wholesale Veal Ctr.* (135 AD2d 398), is not so common and ordinary an activity as to relieve an employer of its duty to train an employee either because the task to be performed was obvious, or because no amount of training would have avoided the happening of the accident. The record contains statements by Hunt's agents admitting an obligation on the part of the driver to comply with Federal regulations and good safety practices regarding securing a load, and disclosing that Hunt trains its drivers in this regard. Whether plaintiff was properly instructed as to her obligation to inspect the cargo to insure that it was secure, and whether such training would have rendered the conceded failure by Bennett's employees "apparent", are issues of fact requiring a trial. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.