■ DAVID BAZERMAN et al., Appellants, v GARDALL SAFE CORPORATION et al., Respondents. [609 NYS2d 619] —Judgment, Supreme Court, Suffolk County (Mary M. Werner, J.), entered January 7, 1992, denying judgment for plaintiffs and dismissing the complaint, unanimously affirmed without costs. Appeal from order (same court and Judge), dated October 23, 1991, granting defendant Brookhaven Locksmith's motion and defendant Gardall Safe Corporation's cross motion for summary judgment, while denying plaintiffs' cross motion for partial summary judgment, dismissed as subsumed in the appeal from the judgment without costs.

Plaintiff David Bazerman purchased a steel safe, manufactured by defendant Gardall, from defendant Brookhaven in 1987. The safe weighed 270 pounds and came equipped with caster wheels. David desired to have the safe permanently installed in his home basement. When he declined Brookhaven's offer to make the installation, the salesperson explained to him how the wheels would have to be removed and replaced with bolts and plugs.

Included in the packaging at the time of Brookhaven's delivery of the safe to plaintiffs' home were a pamphlet describing the dimensions and weight, warnings and instructions on use of the safe and operation of its lock, and a one-year limited, express warranty against defects in materials and workmanship, all issued by the manufacturer. Following the salesperson's instructions, David turned the safe over and removed the wheels, but as he sought to return it to the upright position, it slipped out of his grasp and crushed his hand underneath.

Plaintiffs brought this action sounding in negligence, strict products liability, and breach of express and implied warranties.

The causes of action for negligence and strict products

liability here are related, the common thread being a failure to warn the consumer of the risks and dangers of turning the safe upside down on his own. In negligence, this takes the form of an alleged breach of a duty so to warn. In strict products liability, the analogous defect is in the inadequacy or absence of warning regarding the proper use of the product *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471; *cf., Torrogrossa v Towmotor Co.,* 44 NY2d 709). But there is no liability for failure to warn where such risks and dangers are so obvious that they can ordinarily be appreciated by any consumer to the same extent that a formal warning would provide *(Oza v Sinatra,* 176 AD2d 926, 928; *Caris v Mele,* 134 AD2d 475, 476; *Belling v Haugh's Pools,* 126 AD2d 958, 959, *lv denied* 70 NY2d 602), or where they can be recognized simply as a matter of common sense *(Smith v Stark,* 67 NY2d 693; *see also,* Prosser and Keeton, Torts § 96 [a], at 686-687 [5th ed]).

In *Lugo v LJN Toys* (146 AD2d 168, *affd* 75 NY2d 850), cited by plaintiffs, we held that injury caused by misuse of a detachable toy part, in a manner unintended by the manufacturer, should have been foreseeable nonetheless, and such foreseeability was therefore sufficient to defeat the defendant's motion for summary judgment. The case is inapposite because *Lugo* involved a latent defect, and thus has no effect on the law of duty to warn in the case of obvious risks and dangers.

David had been cautioned, at the time of purchase, of the advisability of accepting professional help in permanently installing the safe. As if this were not enough to alert plaintiffs to the massive weight of this object, David had himself moved the heavy safe on a few prior occasions, apparently without incident. Under such circumstances, a warning to plaintiffs of the possibility of injury from moving and turning over such a heavy object would have been superfluous. Failure to deliver such a warning neither breached any duty under the law of torts, nor constituted any defect under strict products liability law, because of the obvious nature of the risk in engaging in such activity. Summary judgment was entirely appropriate. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.