■ JERALD V. STEPHEN, SR., et al., Plaintiffs, v SICO, INCORPORATED, Defendant and Third-Party Plaintiff-Appellant; SARATOGA SPRINGS SCHOOL DISTRICT, Third-Party Defendant-Respondent. [654 NYS2d 449] —Carpinello, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 5, 1996 in Saratoga County, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

In May 1990, plaintiff Jerald V. Stephen, Sr. (hereinafter plaintiff) was employed as a custodian by third-party defendant, Saratoga Springs School District (hereinafter the School District). His duties included cleaning the cafeteria of the Senior High School. The cafeteria was lined with approximately 40 "TC Model Folding Tables" manufactured by defendant. These tables are on wheels and have several plastic round stools attached to each side. By grasping the stools at the center of the table and pulling up briskly, the tables can be folded in an upright position and rolled.

As part of his duties in the cafeteria, plaintiff was required to sweep and clean the floor. To do this, plaintiff, starting at one end of the cafeteria, would roll one table at a time and clean the exposed floor. He would repeat this process until the entire floor was clean, at which time the tables would be rolled back into place and reopened.

On May 29, 1990, plaintiff was cleaning the cafeteria floor when the wheels of a folded table which he was rolling locked on something on the floor, causing the table to "buck" and fall to plaintiff's left. Plaintiff stepped in front of the table in an attempt to prevent its fall and himself fell to the ground, with the table landing on his legs. Plaintiff, and his wife derivatively, commenced this action against defendant, which in turn commenced a third-party action against the School District. The School District's motion for summary judgment dismissing the

third-party complaint was granted by Supreme Court, prompting this appeal.*

On appeal, defendant urges that it raised a material issue of fact with respect to the School District's failure to train plaintiff on the proper manner in which to move the table and, therefore, summary judgment was improper. Although there was evidence that the School District did not specifically train plaintiff on the appropriate manner in which to roll the table, we find that such failure did not contribute to the accident or plaintiff's injuries. With respect to rolling the table, defendant's operating instructions state: "To avoid table tipping over: DO NOT push table from side, only push from end of table. Avoid debris on floor." Notably, folding and rolling these tables are tasks which are not particularly complicated and which plaintiff had performed without incident approximately 200 times weekly in the two-year period preceding the accident. Therefore, it cannot be said that a failure to train plaintiff contributed to the accident (*see generally*, *Camarda v Summit Homes*, 233 AD2d 285, 286; *Pepic v Joco Realty*, 216 AD2d 95, 96; *Wood v Peabody Intl. Corp.*, 187 AD2d 824, 825; *Dupper v Conrail*, 120 AD2d 638, 639-640). Moreover, in his deposition testimony, plaintiff indicated that he was aware of the proper method of rolling the tables and that he always rolled them in the exact manner prescribed on the operating instructions. Referring to this method, plaintiff testified that "[t]his is the only way you can move [the tables]. They won't move any other way."

By virtue of plaintiff's knowledge of the proper method of rolling the tables and his experience in performing this task on literally thousands of occasions prior to the accident, we find that the School District cannot be held liable for its failure to train plaintiff in the performance of that activity (*see generally*, *Smith v Stark*, 67 NY2d 693, 694). Put another way, any training by the School District would have been "repeat[ing] familiar bromides" (*Torrogrossa v Towmotor Co.*, 44 NY2d 709, 711) to plaintiff and would not have avoided the accident (*see*, *Baptiste v Northfield Foundry & Mach. Co.*, 184 AD2d 841, 843; *cf.*, *Shubert v Bennett Mfg. Co.*, 201 AD2d 285, 286).

Defendant further asserts that a material issue of fact has been raised with respect to its allegation that the School District was negligent because it failed to warn plaintiff about

* We note that defendant's January 4, 1996 notice of appeal was premature inasmuch as Supreme Court's order was not entered until January 5, 1996. Nevertheless, we will exercise our discretionary authority to "treat such a notice as valid" (CPLR 5520 [c]).

the dangers of placing himself in front of a falling table. There is no duty to warn users of obvious risks and dangers (*see, e.g., Oza v Sinatra*, 176 AD2d 926, 928; *Caris v Mele*, 134 AD2d 475, 476). Obvious risks and dangers are those which could have been or should have been appreciated by the user (*see, Bazerman v Gardall Safe Corp.*, 203 AD2d 56, 57) or that can be recognized as a matter of common sense (*see, Smith v Stark, supra; see also, Howard v Poseidon Pools*, 72 NY2d 972, 974-975). We find the risk and danger of placing oneself in the path of a falling table to be so obvious that it cannot seriously be contended that the School District had a duty to warn of such a risk (*see, e.g., Smith v Curtis Lbr. Co.*, 183 AD2d 1018, 1019; *Oza v Sinatra, supra*, at 928; *Caris v Mele, supra*, at 476).

Defendant also asserts that evidence of debris on the floor "create[s] questions of fact regarding whether the debris or some other object was present as a result of the School District's negligence in not providing a hazard-free work area". This argument, based on total speculation, warrants little comment inasmuch as plaintiff himself, as the School District's custodian, was in the process of removing all debris from the floor when the accident occurred. Simply put, defendant failed to offer evidentiary proof in admissible form to counter the School District's prima facia showing that it is entitled to summary judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Cummings v Arde Realty Corp.*, 154 AD2d 321; *Dupper v Conrail, supra*).

Finally, since plaintiff's testimony concerning the manner in which the accident occurred is neither inconsistent with a previous account nor contradicted by any competent evidence (*see, e.g., Klein v City of New York*, 222 AD2d 351, 352, *affd* 89 NY2d 833; *Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 461-462), the fact that plaintiff was the only witness to the accident is not a sufficient reason to deny summary judgment to the School District (*see, e.g., Niles v Shue Roofing Co.*, 219 AD2d 785).

In light of these findings, we need not, and do not, address whether the Laws of 1996 (ch 635) amending the Workers' Compensation Law apply retroactively to bar defendant's third-party action against the School District.

Crew III, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.