■ LESLEY A. SPINNICCHIA, as Executor of ROBERT A. SPINNICCHIA, Deceased, Plaintiff, v KARG BROTHERS, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. CALGON CORPORATION, Third-Party Defendant-Respondent. [699 NYS2d 606] —Peters, J. Appeals (1) from an order of the Supreme

Court (Lynch, J.), entered October 16, 1998 in Schenectady County, which, *inter alia*, granted third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2) from an order of said court, entered November 17, 1998 in Schenectady County, which, upon reargument, adhered to its prior decision.

On September 9, 1992, Robert A. Spinnicchia (hereinafter decedent), a mechanical engineer employed by third-party defendant, Calgon Corporation, arrived at a tannery owned, managed and operated by defendant Karg Brothers, Inc. to gather data for a proposed sale of chemicals to Karg. Decedent was observed between 8:30 A.M. and 9:00 A.M. by Roger Warner, a supervisor at Karg, who offered him a sample of its wastewater from the treatment pit area. Declining the offer and advising that he was not yet ready to run any tests, decedent was advised by Warner that he would be back and forth from the pit area. He was again observed by Warner at about 11:30 A.M. At approximately 1:30 P.M., Ernie Boyer, an employee of Karg, discovered decedent's body floating in the water pit. A bucket filled with wastewater had been placed on a ledge above the water line indicating that decedent had possibly climbed into the pit to collect a water sample.

Plaintiff, decedent's spouse and the executor of his estate, commenced this action against Karg alleging both common-law and statutory negligence. Approximately three years later, Karg filed a third-party complaint against Calgon alleging its negligence in the training, supervision and provision of proper equipment to decedent. It further alleged a failure to promulgate and enforce safety regulations. At the conclusion of discovery, Calgon successfully moved for summary judgment, an outcome which was subsequently upheld after reargument. Karg appeals both orders.*

We find that Calgon sustained its burden of demonstrating the absence of a material issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Cent.*, 64 NY2d 851, 853) by the submission of company safety manuals, handbooks and the testimony of employees—all of whom testified that they were properly trained in approved methods for collecting samples of wastewater from areas, like the pit, categorized as "confined space". Pretrial testimony, together with documentary evidence, highlighted the written safety procedures in place prior to decedent's accident and that decedent would have been found to have violated Calgon's poli-

---

\* Due to the failure to file a notice of appeal, the brief proffered by plaintiff in opposition was stricken by Supreme Court.

cies and procedures if he did, in fact, climb into the wastewater pit to obtain a sample, a fact that is highly relevant since the third-party complaint is based wholly upon an alleged failure to adequately train or provide proper equipment for sampling.

Calgon's manager of safety and industrial hygiene, Robert Rylander, testified that his investigation did not find Calgon's training, policies or procedures deficient with regard to the retrieval of water samples, only that the safety rules should be updated to incorporate unwritten policies and procedures known to its employees. The testimony of Karg's employee, Warner, was proffered to counter any claim that there was a failure to properly train, supervise or provide equipment. According to Warner, he showed decedent the rope and bucket for sampling, told him on a prior visit not to enter the pit area without assistance and reiterated, on this occasion, that an employee would be available to obtain a sample for him. Finally, he testified that decedent was aware that all safety equipment was available no more than 10 feet away from the wastewater pit.

With the burden shifted to Karg (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315), our review of its proffer finds it deficient. Rather than raising material issues of fact, Karg, through referencing evidence submitted by Calgon, demonstrated that the wastewater pit was an extremely confined, damp and dark space that had been maintained in a hazardous condition. Further, Karg's evidence presented no viable challenge to undermine the evidence of safety training provided by Calgon. Supreme Court, finding that Calgon had no duty to give warnings of obvious risks and dangers emanating from the hazardous condition in which the wastewater pit was maintained (see, Stephen v Sico, Inc., 237 AD2d 709, 710; Baptiste v Northfield Foundry & Mach. Co., 184 AD2d 841, 843), properly granted its motion.

Accordingly, we affirm the order of Supreme Court which granted the motion of Calgon for summary judgment dismissing the third-party complaint and from the further order of said court which adhered to such determination after reargument.

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the orders are affirmed, with costs.