■ David T. Barnes, Respondent, v Sheila M. Sanders, Appellant. [703 NYS2d 420] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff, a friend of defendant, volunteered to reconnect a cable to defendant's house. When plaintiff first climbed an extension ladder in order to perform that task, defendant stood on the bottom rung of the ladder. After plaintiff returned to the ground and again climbed to the porch roof, defendant stopped holding the ladder and sat on the porch talking with a friend as plaintiff again descended, moved the ladder, and again climbed the ladder to the top of the porch roof. Plaintiff completed the reconnection and had climbed halfway down the ladder when it slid out from under him, causing him to fall five or six feet to the ground. Plaintiff commenced this action seeking damages for his resultant injury, asserting that defendant was negligent in failing to hold the ladder after having held it previously.

We agree with defendant that Supreme Court should have granted her motion for summary judgment dismissing the complaint. Plaintiff does not contend either that the ladder was defective or that defendant owed him a duty to hold the ladder. Rather, plaintiff urges that defendant negligently performed a voluntarily undertaken duty by failing to hold the ladder for plaintiff after she had at first done so. We conclude that no such duty was undertaken or breached (*see, Matter of Franze v County of Chautauqua,* 191 AD2d 1014, 1014-1015, *affd* 82 NY2d 688; *see also, Macey v Truman,* 70 NY2d 918, 919, *mot to amend remittitur granted* 71 NY2d 949; *Christmann v Murphy,* 226 AD2d 1069, 1070, *lv denied* 89 NY2d 801). Defendant's conduct did not place plaintiff "in a more vulnerable position than he would have been in had [defendant] never taken any action at all" (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522), a prerequisite to the imposition of liability for breach of an assumed duty under the circumstances here presented (*see, Nallan v Helmsley-Spear, Inc., supra,* at 522; *see also, Florence v Goldberg,* 44 NY2d 189, 197). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.