■ IVANA VISKOVIC et al., Respondents, v ENK ENTERPRISES INC., Defendant, and STIVAN PLUMBING & HEATING, INC., et al., Appellants. [723 NYS2d 518] —In an action to recover damages for personal injuries, etc., the defendants Stivan Plumbing & Heating and Eugene Kuljeric appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated February 2, 2000, as, upon renewal, denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The injured plaintiff allegedly slipped and fell down a staircase. The plaintiffs allege that the slip and fall resulted from a slick condition on the steps that was caused by water spilling from a bucket that the injured plaintiff was carrying down the staircase. At the time of the accident, the injured plaintiff was engaged as an office cleaner, cleaning the appellants' offices.

To establish a prima facie case of negligence in a slip-and-

fall action, a plaintiff must establish that the defendant either created the condition that caused the plaintiff's fall or had actual or constructive notice thereof (*see, Kraemer v K-Mart Corp.,* 226 AD2d 590). In support of their motion, the appellants made a prima facie showing that they neither created, nor had actual or constructive notice of, the condition that caused the injured plaintiff to fall. In opposition, the plaintiffs failed to come forward with sufficient evidence to raise a triable issue of fact. We reject the plaintiffs' contention that the appellants created a dangerous condition by instructing the injured plaintiff to carry a bucket of dirty water down the stairs to dump it into the street. The task was not inherently dangerous, and the appellants had no duty to train, instruct, or direct the injured plaintiff in this common and ordinary activity, which had been performed by the injured plaintiff many times before the accident without incident (*see, Cummings v Arde Realty Corp.,* 154 AD2d 321). Accordingly, the appellants' motion for summary judgment should have been granted. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.