■ Edward Schmitt, Appellant, v Hunts Point Terminal Produce Cooperative Association, Inc., et al., Respondents. Consolidated Rail Corporation, Third-Party Plaintiff, v Bulkmatic Transport Company, Third-Party Defendant, and Affiliated Building Services, Inc., Third-Party Defendant-Respondent. [742 NYS2d 13] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered January 26, 2001, which, to the extent appealed from, granted the motion of defendant Consolidated Rail Corporation (Conrail) and the cross motion of defendant Hunts Point Terminal Produce Cooperative Association, Inc. (Hunts Point) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured in an area of the Hunts Point Terminal Market of which defendant Hunts Point was the lessee and defendant Conrail was the sublessee. At the time of his injury, plaintiff, an employee of Bulkmatic Transport Company, was standing on a Bulkmatic tractor trailer truck into which flour was being transferred with a pneumatic transfer machine provided by Bulkmatic. Plaintiff fell from the tractor trailer when a second Bulkmatic truck struck the pneumatic transfer machine which, in turn, struck plaintiff. The grant of summary judgment to defendants was proper since defendants established, as a matter of law, that plaintiff's injury arose exclusively from the manner in which the work he was engaged in at the time of his accident was performed and possible negligence of a fellow employee of plaintiff's employer, and that they did not have supervision or control over that work or a duty to provide safety equipment or to control traffic in the area of the accident (*see, Pulka v Edelman*, 40 NY2d 781, 782-785; *Stankowski v Kim*, 286 AD2d 282, *appeals dismissed* 97 NY2d 677). Concur—Williams, P.J., Nardelli, Saxe, Rosenberger and Marlow, JJ.