■ MIRIAM MARRERO, Appellant, v RYDER TRUCK RENTAL, INC., Defendant, and STROEHMANN BAKERIES, INC., et al., Respondents. (And Other Actions.) [775 NYS2d 862]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about July 3, 2003, which, insofar as appealed from, granted defendants-respondents' motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Plaintiff's decedent was standing in the rear of a truck giving directions to his coworker, who was backing the truck up to the rear of a parked trailer so that products on the truck could be unloaded onto the trailer. In the process, the decedent's head became wedged between the truck and the trailer, causing his death. The truck on which the decedent was standing was leased to his employer, a third-party defendant, by defendant Ryder; the parking lot where the accident occurred and the trailer were owned by defendant Stroehmann; and defendant Transservice,

an interstate carrier, had earlier parked the trailer in the parking lot at Stroehmann's direction. The motion court denied Ryder's motion for summary judgment, finding an issue of fact as to whether the truck had defective brakes; and granted Stroehmann's and Transervice's motions for summary judgment, finding that Transervice did not owe the decedent a duty of care, and that Stroehmann cannot be held liable since its parking lot and parked trailer merely provided conditions or occasions for the accident and not one of its causes. Only plaintiff appeals. The complaint was properly dismissed as against both Stroehmann and Transervice since neither had any duty to supervise the decedent or his coworker driver in the unloading of their truck, and no evidence is adduced that any negligence on their part otherwise contributed to the accident (*see Souffrant v Quality Wholesale Veal Ctr.*, 135 AD2d 398 [1987]). Absent any evidence that Stroehmann or Transervice had the right to supervise the unloading of trucks in the parking lot, it does not avail plaintiff that they may have allowed or even encouraged the use of a dangerous unloading method when safer alternatives were available (*see Singh v Kolcaj Realty Corp.*, 283 AD2d 350 [2001]; *Schmitt v Hunts Point Term. Produce Coop. Assn.*, 294 AD2d 124 [2002]). We are satisfied that further disclosure will reveal no facts useful to plaintiff on the issue of supervision and control. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.