JOHN FUSARO, Respondent-Appellant, v JAMES HAUGHIE et al., Appellants-Respondents. [793 NYS2d 187]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Suffolk County (Milano, J.H.O.), entered September 11, 2003, as, after a nonjury trial on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 to set aside the determination, found them 30% at fault and found the plaintiff only 70% at

fault in the happening of the accident, and the plaintiff cross-appeals, as limited by his brief, from so much of the same interlocutory judgment as, upon the denial of his cross motion pursuant to CPLR 4404 to set aside the determination, found him 70% at fault and found the defendants only 30% at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, the defendants' motion is granted, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendant James Haughie requested his beverage distributor to send him assistance to relocate one of his vending machines. The beverage distributor sent the plaintiff and one of his coworkers, Edwin Trinidad, to assist Haughie in moving the machine. It was undisputed that the plaintiff and Trinidad regularly moved vending equipment in the regular course of their employment, although they moved vending machines of the particular size and weight of the subject vending machine (weighing between 800 and 1,000 pounds) less frequently than machines that weighed less. The plaintiff and Trinidad met Haughie at the location of the vending machine and the three men proceeded to move the machine down a set of seven steps on a hand truck which the plaintiff and Trinidad brought to perform the task. As the three men moved it down the steps, they lost control of the machine, which then pinned the plaintiff against the wall and fractured his wrist.

The plaintiff contended that Haughie was negligent in failing to properly assist him in moving the machine and in creating or allowing a dangerous condition to exist. After a nonjury trial, the Supreme Court found the defendants 30% responsible for the occurrence of the accident and the plaintiff 70% responsible for the occurrence of the accident, and awarded judgment accordingly. The defendants moved pursuant to CPLR 4404 to set aside the verdict, and the Supreme Court denied the motion. We reverse.

Contrary to the Supreme Court's findings, the plaintiff failed to establish a prima facie case of negligence. The plaintiff failed to adduce evidence to establish that Haughie was negligent either in directing the plaintiff to perform a task which he knew to be excessively dangerous or in failing to properly assist the parties in moving the machine (*see Bradish v Tank Tech Corp.*, 216 AD2d 505 [1995]). Moreover, under the circumstances of this case, Haughie did not have a duty to warn the plaintiff (a

person who was experienced in moving vending equipment) of the danger involved in moving the vending machine down a narrow stairway (see *Mangano v United Finishing Serv. Corp.*, 261 AD2d 589, 590 [1999]; *Oza v Sinatra*, 176 AD2d 926 [1991]).

In light of our determination, the cross appeal has been rendered academic. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.