SHAWN STEPHENSON et al., Respondents, v BARRASSO AND SONS, INC., Appellant. [917 NYS2d 242]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 22, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff (hereinafter the plaintiff) allegedly injured one of his fingers while assisting an employee at the defendant's masonry supply store in loading a slab of stone the plaintiff had purchased onto the prongs of a forklift for transport to the plaintiff's vehicle. According to the store employee, the stone weighed approximately 250 pounds. At his deposition, the plaintiff, who did not work in the construction industry, testified that the store employee directed the plaintiff to help him load the stone onto the forklift but did not provide him with any specific instructions on how to do so. The defendant's safety manager testified at his deposition that moving a slab of stone of similar weight to that purchased by the plaintiff was a potentially dangerous activity, "depend[ing] on how it was moved."

The defendant moved for summary judgment dismissing the complaint, tendering, among other things, the deposition testimony of the plaintiff, the store employee, and its safety manager. The Supreme Court denied the motion. We affirm.

The defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The deposition testimony upon which it relied presented triable issues of fact concerning, among other things, whether the store employee was negligent in directing the plaintiff to perform a task which the employee knew to be potentially dangerous or in failing to properly assist the plaintiff in loading the stone onto the forklift (*see Tuttle v Anne LeConey, Inc.*, 258 AD2d 334, 335 [1999]; *cf. Fusaro v Haughie*, 17 AD3d 528, 529 [2005]). The defendant's contention that the plaintiff decided to help its employee load the stone with knowledge of the risk of injury that such activity would entail is relevant to the issue of the plaintiff's comparative fault, if any (*see Lorefice v Reckson Operating Partnership*, 269 AD2d 572, 573 [2000]), which must be determined by the factfinder at trial and not as a matter of law at the summary judgment stage (*see* CPLR 1411; *Cotty v Town of Southampton*, 64 AD3d 251, 257 [2009]). The defendant's remaining contentions are without merit. In light of this determination, we need not examine the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.