■ THOMAS PETRIE, Respondent, v B.F. GOODRICH COMPANY et al., Defendants, and DAVIS PETERSON, Appellant.— Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendant Peterson dismissed. Memorandum: Plaintiff was seriously injured by an explosion that occurred while he was mounting a 16-inch tire on a 16.5-inch rim at his employer's tire installation shop. Defendant Peterson, who purchased the tire from the employer's store and who delivered the tire and rim to plaintiff for mounting, contends that he had no duty to warn plaintiff of the danger of mounting tires and rims mismatched in size and that any failure to warn was not a proximate cause of the accident. We agree. Plaintiff testified at an examination before trial that he was aware of the danger of mounting tires that were mismatched in size and that he had been instructed by his employer to check the size of the tires and rims before mounting them. He conceded that, on this occasion, he failed to check the sizes. The record further reveals that defendant Peterson purchased the same size tire that he had taken off the rim when he purchased his used vehicle and that he was unaware that the tire and rim were of a different size. Under the circumstances, defendant had no duty to warn plaintiff of a danger that was readily discernible (see, Sukljian v Ross & Son Co., 69 NY2d 89, 97; Restatement [Second] of Torts § 388, comment k), and any failure to warn was not a proximate cause of plaintiff's inju-

ries *(see, Howard v Poseidon Pools,* 72 NY2d 972; *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Denman, J. P., Boomer, Balio and Davis, JJ.