■ YVES BAPTISTE et al., Appellants, v NORTHFIELD FOUNDRY & MACHINE COMPANY, Respondent. (And a Third-Party Action.)—Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered April 19, 1991 in Rockland County, which, upon reargument, adhered to its prior decision granting defendant's motion for summary judgment dismissing the complaint.

Plaintiff Yves Baptiste (hereinafter plaintiff) allegedly injured his hand in the course of his employment with third-party defendant while using a power saw, manufactured by defendant, without a safety guard. Plaintiff and his wife, derivatively, commenced this action against defendant to recover damages under theories of, *inter alia,* negligence and strict products liability. Defendant answered and commenced a third-party action for indemnity and contribution. The third-party defendant answered and interposed claims denominated counterclaims and cross claims against defendant to recover workers' compensation benefits, medical expenses, and indemnification and/or contribution should plaintiffs prevail.

Defendant subsequently moved for summary judgment dismissing the complaint pursuant to CPLR 3212. In granting the motion Supreme Court found that, as a matter of law, defendant had no duty to warn plaintiff of the saw's danger because plaintiff was already aware of such danger, that the duty to warn was in any event fulfilled by third-party defendant's posting a notice to its employees warning them that a failure to use safety guards would result in immediate discharge, and that, because he had removed the safety guard from the saw just prior to the accident, plaintiff had failed to raise a triable issue of fact that a design defect or inadequate warning was a proximate cause of his injury.

Thereafter plaintiffs moved for reargument. The reargument motion was premised on the contention that disputed fact issues existed with respect to whether a safety guard existed and was available at the time of the accident, whether plaintiff had seen the notice assertedly posted by third-party defendant, whether he had been disciplined on any prior occasion for removing the safety guard from the saw, and whether he had in fact removed the guard just prior to the accident. Supreme Court granted reargument but adhered to its original decision, reasoning that defendant had no duty to warn plaintiff of the hazards of using the saw without a guard for plaintiff admitted in his deposition that he knew the machine was dangerous. Plaintiffs appeal. We affirm.

On appeal, plaintiff submits that he has a viable cause of action for foreseeable misuse of the saw, specifically that it was reasonably foreseeable that the saw would be used to make cuts without the safety guard provided by defendant because the type of cut he was making when he was injured, a "non-through cut", could not be made with defendant's guard in place and further that the guard was designed to be removable. The Court of Appeals has instructed that "a manufacturer of a product, the design of which incorporates a certain safety feature, may be held liable under a design defect theory even though the removal of that safety feature caused the accident, provided that the product 'was purposefully manufactured to permit its use without the safety guard' " (Ayala v V & O Press Co., 126 AD2d 229, 233, quoting Lopez v Precision Papers, 67 NY2d 871, 873). While inspection of plaintiff's complaint does reveal a design defect claim, plaintiff has proffered nothing to support it other than an expert's conclusory affidavit (cf., Green v Kautex Machs., 159 AD2d 945, 946; Ayala v V & O Press Co., supra, at 233-234); hence the foreseeable misuse thesis advanced for the first time

on appeal, although founded in the law, lacks a competent evidentiary basis in the record and accordingly does not warrant reversal of Supreme Court's order.

Beyond that, plaintiffs' argument on appeal is aimed at imposing upon defendant a broadened duty to warn. This effort, however, is unpersuasive. Although defendant does have a duty to warn of dangers associated with reasonably foreseeable misuse of the saw *(see, Darsan v Guncalito Corp., 153 AD2d 868, 870)* and breach of this duty furnishes grounds for causes of action in negligence and strict products liability *(see, Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106-107; Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55, 63-64)*, this duty is not triggered "when the injured party is already aware of the specific hazard" *(Lombard v Centrico, Inc., 161 AD2d 1071, 1072)* or the danger is "readily discernible" *(Petrie v B.F. Goodrich Co., 175 AD2d 669; see, Lancaster Silo & Block Co. v Northern Propane Gas Co., supra, at 65)*.

Plaintiff's deposition discloses that, prior to his accident, he had used the saw at issue to make "[m]ore than one thousand cuts", that he knew that Jose Connors, another of third-party defendant's employees, had been injured using the same saw without a guard a year prior to his own accident, and that he and other employees had complained to the supervisor after Connors' accident about the machine's safety system. This testimony, in combination with the supervisor's uncontroverted testimony that plaintiff attended a meeting held about a week after Connors' accident in which employees of third-party defendant were told not to remove the safety guard from the saw without the supervisor's order and, if the guard was removed, to use push sticks to move the lumber through the machine, leave no question of fact regarding plaintiff's awareness of the specific danger associated with using the unguarded saw. Consequently, even were we to accept, as urged by plaintiff, that it was reasonably foreseeable that the saw would be operated without a guard for "non-through cuts", Supreme Court properly concluded that, as a matter of law, no warning was required under the circumstances of this case *(see, Lombard v Centrico, Inc., supra; Lancaster Silo & Block Co. v Northern Propane Gas Co., supra)*.

Moreover, inasmuch as a warning would not have given plaintiff any better knowledge of the table saw's danger than he had already acquired through his prior use of the machine or than was "readily discernible" from observation of the unguarded blade, the absence of any warning could not have

proximately caused plaintiff's injuries *(see, Smith v Stark,* 67 NY2d 693, 694; *Belling v Haugh's Pools,* 126 AD2d 958, 959, *lv denied* 70 NY2d 602; *see also, Koester v State of New York,* 90 AD2d 357, 362; *cf., Cover v Cohen,* 61 NY2d 261).

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.