■ ROBERT ALESSANDRINI et al., Respondents, v WEYERHAUSER COMPANY, Defendant, and LA-Z-BOY CHAIR COMPANY et al., Appellants. [617 NYS2d 101] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff Robert Alessandrini was injured while lifting a cardboard carton that contained a La-Z-Boy chair. He commenced this action against, *inter alia,* the manufacturer and the seller of the chair, contending that each was liable in strict products liability because of its failure to warn of the risk inherent in lifting the carton by holes cut from its sides. The IAS Court denied the motion of La-Z-Boy Chair Company and Montgomery Ward & Co., Incorporated (defendants) for summary judgment. That was error.

Although the adequacy of a warning generally is a question of fact, "in a proper case the court can decide as a matter of law that there is no duty to warn or that the duty has been discharged as a matter of law" *(Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65; *see, Wolfgruber v Upjohn Co.,* 72 AD2d 59, 62, *affd* 52 NY2d 768; *Biss v Tenneco, Inc.,* 64 AD2d 204, *lv denied* 46 NY2d 711). We conclude that defendants had no duty to warn. The danger of lifting a cardboard carton containing a chair by holes cut from its sides is "readily discernible" and, therefore, the duty to warn is not triggered *(Petrie v B.F. Goodrich Co.,* 175 AD2d 669; *see also, Baptiste v Northfield Foundry & Mach. Co.,* 184 AD2d 841). Additionally, the carton displayed a clear warning not to lift

it by the holes. That warning was adequate as a matter of law. (Appeal from Order of Supreme Court, Herkimer County, Tenney, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.