■ JOHN F. BIGNESS, Appellant, v POWELL ELECTRONICS, INC., Defendant, and AMPHENOL CORP., BENDIX CONNECTOR OPERATIONS, Respondent. (Appeal No. 1.) [619 NYS2d 975] —Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.

■ JOHN F. BIGNESS, Appellant, v POWELL ELECTRONICS, INC., Defendant, and AMPHENOL CORP., BENDIX CONNECTOR OPERATIONS, Respondent. (Appeal No. 2.) [619 NYS2d 905] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff was injured while testing an electrical "cabinet." He alleged that defendants should have warned of the dangers of

using a connector plug that was part of the cabinet. Defendant Powell Electronics, the assembler of the connector plug, and defendant Amphenol Corp., Bendix Connector Operations, the manufacturer of the connector plug, moved for summary judgment dismissing the complaint, asserting that there was no duty to warn because plaintiff was a knowledgeable user of the connector plug. Defendants further asserted that plaintiff's injuries were caused solely by the negligence of plaintiff's employer in attaching the connector plug to the cabinet.

The IAS Court properly granted defendants' motions for summary judgment. There is "no necessity to warn a customer already aware—through common knowledge or learning—of a specific hazard" and, in the proper case, the court can decide as a matter of law that there is no duty to warn or that the duty has been discharged *(Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65; *see, Alessandrini v Weyerhauser Co.,* 207 AD2d 996; *Wolfgruber v Upjohn Co.,* 72 AD2d 59, 62, *affd* 52 NY2d 768). Plaintiff, an electronics technician, was a "knowledgeable user" of the connector plug, and thus there was no duty to warn. In any event, it is undisputed that plaintiff's employer had wired the connector plug and attached it to the cabinet in accordance with either its own or military specifications, and plaintiff's fellow employee testified that any instructions from defendants would have been ignored. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present —Denman, P. J., Green, Balio, Wesley and Callahan, JJ.