In the Matter of Long Island Lighting Company, Respondent, v Assessor of the Town of Huntington et al.,

Respondents, and NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT No. 4, Proposed Intervenor-Appellant. [674 NYS2d 65] —In a proceeding pursuant to RPTL article 7 to review the assessment of the petitioner's real property for the 1996/1997 tax year, Northport-East Northport Union Free School District No. 4 appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated May 14, 1997, which denied its motion for leave to intervene.

Ordered that the order is affirmed, with costs to the petitioner-respondent.

In the instant tax certiorari proceeding, the Supreme Court correctly denied the motion of Northport-East Northport Union Free School District No. 4 (hereinafter the School District) for leave to intervene as a party respondent pursuant to CPLR 1012 (a) (2) (*see, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, *affd* 61 NY2d 695). Contrary to the School District's contention, it will not be bound by any judgment determining this proceeding as a result of the enactment of RPTL 727 (L 1995, ch 693, as amended). RPTL 727 does not affect section 3 of the Suffolk County Tax Act (L 1980, ch 837, as amended) which relieves the School District from liability for the tax refund in question. Moreover, it was a provident exercise of discretion to deny the School District's motion for leave to intervene pursuant to CPLR 1013 inasmuch as the School District does not have a real and substantial interest in the outcome of the proceeding (*see, Perl v Aspromonte Realty Corp.,* 143 AD2d 824; *Guma v Guma,* 132 AD2d 645; *Plantech Hous. v Conlan,* 74 AD2d 920). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.