■ In the Matter of LONG ISLAND LIGHTING COMPANY, Respondent, v ASSESSOR OF THE TOWN OF BROOKHAVEN et al., Respondents, and PORT JEFFERSON SCHOOL DISTRICT, Proposed Intervenor-Appellant. [672 NYS2d 809] —In a proceeding pursuant to RPTL article 7 to review the assessment of the petitioner's real property for the 1996-1997 tax year, the Port Jefferson School District appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated May 14, 1997, which granted the petitioner's motion which was, in effect, to vacate the petitioner's default in timely opposing the motion of the Port Jefferson School District for leave to intervene, and thereupon denied its motion for leave to intervene.

Ordered that the order is affirmed, with costs to the petitioner-respondent.

To warrant vacatur of an order entered upon default, the

movant must demonstrate that there was an excusable delay and a meritorious defense (see, CPLR 5015 [a] [1]; *Waaland v Weiss,* 228 AD2d 435). The Supreme Court providently "exercis[ed] its discretion in the interests of justice" in excusing the petitioner's default resulting from law office failure (CPLR 2005). Furthermore, the petitioner demonstrated a meritorious defense to the motion of the Port Jefferson School District for leave to intervene as a party respondent (see, *Matter of Long Is. Light. Co. v Assessor of Town of Huntington,* 251 AD2d 331 [decided herewith]). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.