■ ROMONOFF RESTAURANT & CABARET, INC., Plaintiff, v WORLD WIDE ASSET MANAGEMENT CORP., Respondent. RICHARD VITELLO, Proposed Intervenor-Appellant. [710 NYS2d 542] —In an

action, *inter alia*, for reformation of a lease for real property, Richard Vitello, the proposed intervenor, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated April 28, 1999, as, upon granting his motion for reargument, adhered to the original determination in an order of the same court, dated April 13, 1999, which, among other things, denied his motion for leave to intervene as of right pursuant to CPLR 1012, and granted the motion of the defendant World Wide Asset Management Corp., *inter alia*, for injunctive relief.

Ordered that the order is affirmed insofar as appealed from, with costs.

The proposed intervenor, Richard Vitello, argues that the Supreme Court did not have jurisdiction to grant the motion of the defendant World Wide Asset Management Corp. (hereinafter World Wide) for an injunction restraining the sale, transfer, or disposal of certain chattels located at premises that World Wide leased to the plaintiff, Romonoff Restaurant & Cabaret, Inc. Contrary to Vitello's contention, by moving for leave to intervene in this action under CPLR 1012, and thereby taking affirmative advantage of the court's jurisdiction, his claim was waived (*see, Textile Technology Exch. v Davis,* 81 NY2d 56, 58-59).

Vitello's motion for leave to intervene was properly denied by the Supreme Court. Contrary to Vitello's contention, he failed to meet his burden of demonstrating that he had a real and substantial interest in the outcome of the proceeding in which he sought to intervene (*see, Matter of Rent Stabilization Assn. v New York State Div. of Hous. & Community Renewal,* 252 AD2d 111; *Matter of Long Is. Light. Co. v Assessor of Town of Huntington,* 251 AD2d 331), such as a secured interest in the subject chattels he admitted removing from the demised premises.

In light of this determination, we need not reach Vitello's remaining contentions. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.