MARY WHITLEY, Respondent, v KENNETH PIERI, Appellant. [851 NYS2d 764]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 1, 2006. The judgment granted plaintiff's motion for summary judgment in lieu of complaint.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and defendant is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: We agree with defendant that Supreme Court erred in granting plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213. We note at the outset, however, that the order from which the appeal was taken was subsumed in the judgment (*see Matter of Amherst Med. Park, Inc. v Amherst Orthopedics, P.C.*, 31 AD3d 1131, 1132 [2006]). Nevertheless, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

By her motion, plaintiff sought judgment in the amount of approximately $203,000, plus interest, pursuant to a settlement agreement between the parties. According to plaintiff, defendant was required to pay her the entire sum owed under the agreement because he failed to make an installment payment by a specified date. We agree with defendant that the court erred in granting plaintiff's motion inasmuch as the settlement agreement did not constitute "an instrument for the payment of money only" (CPLR 3213). Where, as here, an agreement "requires something in addition to [an] explicit promise to pay a sum of money, CPLR 3213 is unavailable" (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]). The alternative contention of plaintiff in support of her motion with respect to the order of Bankruptcy Court was improperly raised for the first time in her reply papers, and we therefore do not consider it. " '[T]he function of a reply affidavit is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of the motion' " (*Seefeldt v Johnson*, 13 AD3d 1203, 1203-1204 [2004]). We therefore reverse the judgment and deny plaintiff's motion. Pursuant to CPLR 3213, upon denial of a motion for summary

judgment in lieu of complaint the moving papers shall be deemed the complaint, and we grant defendant 20 days from service of the order of this Court with notice of entry to serve and file an answer. Present—Hurlbutt, J.P., Martoche, Fahey, Peradotto and Green, JJ.