Pasek v Catholic Health Sys., Inc. (2021 NY Slip Op 03776)





Pasek v Catholic Health Sys., Inc.


2021 NY Slip Op 03776


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1035 CA 19-02095

[*1]JULIE E. PASEK, INDIVIDUALLY AND AS POWER OF ATTORNEY FOR JAMES G. PASEK, PLAINTIFF-RESPONDENT,
v
CATHOLIC HEALTH SYSTEM, INC., ET AL., DEFENDANTS, AND COLDER PRODUCTS COMPANY, DEFENDANT-APPELLANT. 






TUCKER ELLIS LLP, CLEVELAND, OHIO (LAURA KINGSLEY HONG, OF THE OHIO BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND HURWITZ & FINE, P.C., BUFFALO, FOR DEFENDANT-APPELLANT. 
BROWN CHIARI LLP, BUFFALO (ANGELO S. GAMBINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 9, 2019. The order, among other things, denied in part the motion of defendant Colder Products Company seeking summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for, inter alia, strict products liability seeking damages for injuries sustained by James G. Pasek, Colder Products Company (defendant) appeals from an order that, insofar as appealed from, denied that part of its motion seeking summary judgment dismissing plaintiff's failure to warn claim against it. We affirm.
Pasek underwent mitral valve repair surgery in February 2014. Serious complications occurred during the surgery and, during the post-operative period, Pasek was placed on a ventilator and an extracorporeal membrane oxygenation system, which mechanically circulated his blood outside his body through an artificial lung utilizing a customized tubing pack that was manufactured by defendant Terumo Cardiovascular Systems Corp. (Terumo). The tubing pack included a component coupling known as the "Quick Disconnect," which was designed, manufactured, and sold by defendant to Terumo for incorporation into Terumo's customized tubing packs. The Quick Disconnect is a two-component medical-grade coupling that was a part of defendant's medical plastic couplings series and was "integrated into tubing circuits to facilitate the flow of liquid." A few days after Pasek's surgery, his condition deteriorated, and he was emergently transported from the open heart unit to the operating room. During the transport, however, the Quick Disconnect became unintentionally disconnected, and Pasek subsequently suffered, among other things, massive blood loss, hypoxic brain injury due to a lack of oxygen, and occipital lobe damage.
Defendant contends that Supreme Court erred in denying that part of its motion with respect to the failure to warn claim against it because it established as a matter of law that it adequately warned Terumo that the Quick Disconnect could unintentionally disconnect. We reject that contention. Although "in a proper case the court can decide as a matter of law that there is no duty to warn or that the duty has been discharged as a matter of law" (Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55, 65 [4th Dept 1980]), the adequacy of a warning generally is a question of fact (see Alessandrini v Weyerhauser Co., 207 AD2d 996, 996 [4th Dept 1994]). Here, defendant relies not on a specific warning regarding the possibility of unintentional disconnects, but instead on general and ambiguous language contained in its catalogue and other literature. The adequacy of the alleged warnings contained in defendant's [*2]catalogue and other literature, however, is not "susceptible to the drastic remedy of summary judgment" (Beyrle v Finneron, 199 AD2d 1022, 1022 [4th Dept 1993]; see Rickicki v Borden Chem., 159 AD3d 1457, 1459 [4th Dept 2018]; Houston v McNeilus Truck & Mfg., Inc., 115 AD3d 1185, 1187 [4th Dept 2014]).
Defendant further contends that it is entitled to summary judgment dismissing the failure to warn claim against it inasmuch as the danger in question was open and obvious and, thus, it had no duty to warn Terumo. We reject that contention. Although "[t]here is no duty to warn of an open and obvious danger of which the product user is actually aware or should be aware as a result of ordinary observation or as a matter of common sense" (O'Boy v Motor Coach Indus., Inc., 39 AD3d 512, 514 [2d Dept 2007]; see Jones v W + M Automation Inc., 31 AD3d 1099, 1101-1102 [4th Dept 2006], lv denied 8 NY3d 802 [2007]), defendant failed to meet its initial burden on its motion of establishing that the potential risk that the Quick Disconnect could unintentionally disconnect is the type of danger that may be deemed open and obvious such that defendant did not have a duty to warn (see McArdle v Navistar Intl. Corp., 293 AD2d 931, 933 [3d Dept 2002]).
Defendant further contends that, as a component part manufacturer whose component part was not defective, it did not have a duty to warn about the dangers arising from the Quick Disconnect's integration into Terumo's tubing pack. We similarly reject that contention. Unlike the situation in Rastelli v Goodyear Tire & Rubber Co. (79 NY2d 289 [1992]), upon which defendant relies, the product alleged to be defective here is the Quick Disconnect, which plaintiff alleges was made defective due to defendant's failure to warn Terumo that it was unsafe to use as a medical device for the flow of blood. As the manufacturer of the Quick Disconnect, defendant "ha[d] a duty to warn against latent dangers resulting from foreseeable uses of [the Quick Disconnect] . . . of which it knew or should have known" (Liriano v Hobart Corp., 92 NY2d 232, 237 [1998]; see Matter of New York City Asbestos Litig., 27 NY3d 765, 788 [2016]), and defendant's own submissions in support of its motion established that it knew that the Quick Disconnect was utilized by Terumo for the flow of liquid, including blood, and that blood would be flowing through the Quick Disconnect.
Defendant's further contention that it did not owe Terumo a duty to warn of the availability of an alternative product with additional safety features because Terumo was aware of its availability and decided not to incorporate it into the tubing pack is improperly raised for the first time in defendant's reply papers, and we therefore do not consider it (see Whitley v Pieri, 48 AD3d 1175, 1176 [4th Dept 2008]).
Finally, we have considered defendant's remaining contentions and conclude that they lack merit.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court