Inner Harbor Phase I L.P. v Cor Inner Harbor Co. LLC (2022 NY Slip Op 07319)

Inner Harbor Phase I L.P. v Cor Inner Harbor Co. LLC

2022 NY Slip Op 07319

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

723 CA 22-00243

[*1]INNER HARBOR PHASE I L.P., PLAINTIFF-RESPONDENT,
v
COR INNER HARBOR COMPANY LLC, COR WEST KIRKPATRICK STREET COMPANY LLC, JEFFREY L. AIELLO, JOSEPH B. GERARDI, STEVEN F. AIELLO, PAUL G. JOYNT, LORI A. AIELLO FAMILY TRUST, LAURIE R. GERARDI FAMILY TRUST, MANNION & COPANI, DEFENDANTS-APPELLANTS, AND ZHIYAO DING, ALSO KNOWN AS DAN DING, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED LIMITED PARTNERS OF INNER HARBOR PHASE I L.P., PROPOSED INTERVENOR-APPELLANT. 

CULLEN AND DYKMAN LLP, ALBANY (CHRISTOPHER E. BUCKEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
KIRWAN LAW FIRM, PC, SYRACUSE (TERRY J. KIRWAN, JR., OF COUNSEL), FOR PROPOSED INTERVENOR-APPELLANT. 
LYNN, D'ELIA, TEMES & STANCZYK, SYRACUSE (DAVID C. TEMES OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 25, 2021. The order, inter alia, denied in part the motion of defendants to dismiss the second through fifth causes of action and denied the cross motion of Zhiyao Ding, also known as Dan Ding, insofar as he sought leave to intervene. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action arising from an alleged breach of a $4,000,000 promissory note owed to plaintiff, defendants appeal from an order that, among other things, denied in part their motion to dismiss certain causes of action pursuant to, inter alia, CPLR 3211 (a) (1) and (7). Appellant Zhiyao Ding, also known as Dan Ding, appeals, as limited by his brief, from the same order insofar as it denied his cross motion to intervene, filed on behalf of himself and various other proposed intervenors. Supreme Court also denied plaintiff's cross motion seeking, in effect, summary judgment on the first cause of action, which asserted a breach of promissory note cause of action against defendant COR Inner Harbor Company LLC (COR LLC) only. Although plaintiff filed a notice of cross appeal, it does not raise any contentions related thereto, and we therefore deem plaintiff's cross appeal abandoned and dismissed (see 22 NYCRR 1250.10 [a]; Brown v State of New York [appeal No. 2], 144 AD3d 1535, 1537 [4th Dept 2016], affd 31 NY3d 514 [2018]; Lancaster Manor LLC v Comprehensive at Lancaster, LLC, 202 AD3d 1446, 1446 [4th Dept 2022]).
Contrary to the various contentions of defendants and Ding, we conclude that the order should be affirmed in all respects.
Plaintiff is a limited partnership that loaned $4,000,000 to COR LLC for the purpose of [*2]building a hotel at the Inner Harbor in Syracuse. Plaintiff's limited partners were 10 foreign investors who sought to obtain green cards pursuant to the EB-5 Immigrant Investor Program (EB-5 Program) (see 8 USC § 1153 [b] [5] [A]). In furtherance of the project, COR LLC applied for and received site plan approval from the City of Syracuse (City), i.e., the owner of the property upon which the hotel was to be built. Shortly thereafter, however, the City transferred title to the land to defendant COR West Kirkpatrick Street Company LLC (COR Kirkpatrick), which, according to plaintiff, is owned and controlled by the same parties who own and control COR LLC.
Several months later, plaintiff and COR LLC executed a promissory note, and plaintiff thereafter transferred $4,000,000 to COR LLC's attorneys at defendant Mannion & Copani (Law Firm) to be held in escrow pending transfer to COR LLC. Pursuant to the escrow agreement, the Law Firm was to disburse the funds to COR LLC. Despite that provision in the escrow agreement, the Law Firm transferred large portions of the funds to COR Kirkpatrick, and it is alleged that any funds distributed to COR LLC were "immediately transferred" to COR Kirkpatrick. At no point did plaintiff object to the transfers but, inasmuch as COR LLC received no consideration for the transfers to COR Kirkpatrick, COR LLC was left completely devoid of assets.
Although COR Kirkpatrick had no legal obligation to make payments on the promissory note, it made some payments. All payments ceased when the first addendum came due. When plaintiff sought information from COR LLC, plaintiff was informed that COR LLC was insolvent inasmuch as it had no interest in the hotel and had no tangible assets.
Plaintiff thereafter commenced this action against COR LLC, COR Kirkpatrick, the Law Firm and the individual members or owners of COR LLC (individual defendants). In the first cause of action, plaintiff alleged that COR LLC breached the promissory note. In the second cause of action, plaintiff asserted a fraud cause of action against all defendants. In the third cause of action, against only the Law Firm, plaintiff alleged that the Law Firm breached the escrow agreement by releasing funds to COR Kirkpatrick rather than to COR LLC. In the fourth and fifth causes of action, which were asserted against all defendants, plaintiff alleged that defendants engaged in fraudulent conveyances in violation of former sections 273, 274 and 276 of the Debtor and Creditor Law. In lieu of an answer, defendants jointly moved to dismiss all of the causes of action except the first. Ding, on behalf of himself and the other proposed intervenors, making up the individual members of plaintiff, cross-moved to intervene, contending that plaintiff would not adequately protect their interests inasmuch as they were the parties that actually contributed the money toward the project in the hopes of obtaining green cards pursuant to the EB-5 Program (see 8 USC § 1153 [b] [5] [A]).
Defendants contend that, although the court granted the motion insofar as it sought dismissal of the second cause of action and dismissal of the fourth and fifth causes of action against the Law Firm, the court should have dismissed the third cause of action and the fourth and fifth causes of action in their entirety pursuant to CPLR 3211 (a) (1) because plaintiff ratified the transfer of assets from COR LLC to COR Kirkpatrick. We reject that contention. "Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88 [1994]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). In other words, the submitted documents must " 'utterly refute[]' " the allegations in the complaint and " 'conclusively establish[ ] a defense as a matter of law' " (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021], rearg denied 37 NY3d 1020 [2021], quoting Goshen, 98 NY2d at 326). Here, we conclude that the documentary evidence does not establish ratification as a matter of law. "Ratification is the act of knowingly giving sanction or affirmance to an act that would otherwise be unauthorized and not binding" (Northland E., LLC v J.R. Militello Realty, Inc., 163 AD3d 1401, 1405 [4th Dept 2018] [internal quotation marks and emphasis omitted]; see Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1247-1248 [3d Dept 2018]).
Although the documentary evidence may establish all of the facts alleged by defendants, including the fact that plaintiff's loan was unsecured and that plaintiff knew that COR LLC intended to transfer the funds to COR Kirkpatrick, there is no evidence that plaintiff knew that COR LLC would not receive any consideration for the transfers, thus rendering COR LLC [*3]insolvent and rendering plaintiff unable to receive any of the benefits of its bargain (see Dawes v Dawes, 110 AD3d 1450, 1452 [4th Dept 2013]; cf. In re Lyondell Chem. Co., 503 BR 348, 383-385 [SD NY 2014], abrogated on other grounds by In re Tribune Co. Fraudulent Conveyance Litig., 818 F3d 98 [2d Cir 2016]). Indeed, there is no evidence that plaintiff could have possibly anticipated that COR LLC would intentionally render itself insolvent in that manner, as the complaint alleges.
Defendants further contend that the court should have granted the motion insofar as it sought to dismiss the complaint against the individual defendants on the ground that the complaint fails to allege facts warranting a piercing of COR LLC's corporate veil. "The concept of piercing the corporate veil is a limitation on the accepted principles that a corporation exists independently of its owners, as a separate legal entity, that the owners are normally not liable for the debts of the corporation, and that it is perfectly legal to incorporate for the express purpose of limiting the liability of the corporate owners" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140 [1993]). It is well settled that "New York law disfavors disregard of the corporate form" (Cobalt Partners, L.P. v GSC Capital Corp., 97 AD3d 35, 40 [1st Dept 2012]). Nevertheless, "a fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018]). Here, contrary to defendants' contention, plaintiff raised sufficient allegations that the individual defendants "exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011] [internal quotation marks omitted]; see generally Conason v Megan Holding, LLC, 25 NY3d 1, 18 [2015], rearg denied 25 NY3d 1193 [2015]). Indeed, although "[t]he mere claim that the [entity] was completely dominated by the owners, or conclusory assertions that the corporation acted as their 'alter ego,' without more, will not suffice to support the equitable relief of piercing the corporate veil" (Matter of Goldman v Chapman, 44 AD3d 938, 939 [2d Dept 2007], lv denied 10 NY3d 702 [2008]; see Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 965 [2d Dept 2018]), plaintiff sufficiently alleged that "corporate funds were purposefully diverted to make [COR LLC] judgment-proof," and such allegations "are sufficient to satisfy the pleading requirement of wrongdoing which is necessary to pierce the corporate veil on an alter-ego theory" (Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407-408 [1st Dept 2014]; see Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC, 201 AD3d 1183, 1188 [3d Dept 2022]; see generally Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1075 [2d Dept 2012]).
We reject defendants' further contention that the court should have granted the motion insofar as it sought to dismiss the fourth and fifth causes of action against the individual defendants on the ground that the complaint fails to allege that the loan proceeds were transferred to the individual defendants or that the individual defendants used the proceeds for personal or improper purposes. As noted above, those causes of action allege violations of former sections 273, 274 and 276 of the Debtor and Creditor Law. Because the alleged actions of defendants took place before the Debtor and Creditor Law was amended, we analyze defendants' contention under the provisions of that law that were in effect at the time of the events in question. Inasmuch as we have concluded that the allegations are sufficient to pierce the corporate veil and we must "accord plaintiff[] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012] [internal quotation marks omitted]), we conclude that the factual allegations in the complaint are sufficient to state causes of action against the individual defendants for a violation of those former sections of the Debtor and Creditor Law (cf. Chang v Danjonro, Inc., 81 AD3d 510, 511 [1st Dept 2011]; Wildman & Bernhardt Constr. v BPM Assoc., 273 AD2d 38, 38-39 [1st Dept 2000]).
Contrary to defendants' additional contention, the court properly denied the motion insofar as it sought to dismiss the third cause of action under CPLR 3211 (a) (7). Accepting the facts in the complaint as true and according plaintiff the benefit of every favorable inference, we conclude that the third cause of action asserts a claim against the Law Firm for breach of contract (see Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d 1253, 1254 [2d Dept 2021]; see generally Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]).
Finally, we conclude that the court did not err in denying Ding's cross motion. As a preliminary matter, we note that we have not considered new matters that were improperly raised for the first time in Ding's "[r]eply [a]ffidavit" submitted in connection with his cross motion (see generally Whitley v Pieri, 48 AD3d 1175, 1176 [4th Dept 2008]). With respect to the contentions properly before us, it is well established that "[w]hether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677 [2d Dept 2010]; see Jones v Town of Carroll, 158 AD3d 1325, 1327 [4th Dept 2018], lv dismissed 31 NY3d 1064 [2018]). Here, however, we conclude that Ding failed to establish that his interests were not adequately represented by plaintiff (see CPLR 1012 [a] [2]; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 844 [2d Dept 2009]), and failed to establish that he had a real and substantial interest in the outcome of the litigation (see Romonoff Rest. & Cabaret v World Wide Asset Mgt. Corp., 273 AD2d 292, 293 [2d Dept 2000]; cf. Matter of Norstar Apts. v Town of Clay, 112 AD2d 750, 751 [4th Dept 1985]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court