Three Buds, LLC v NCTBP Calabrese, LLC
2026 NY Slip Op 04054
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THREE BUDS, LLC, PLAINTIFF-APPELLANT,
v
NCTBP CALABRESE, LLC, AND DOUG CALABRESE, DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
236 CA 25-01104
Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

SEAN T. HANNA, WEBSTER, FOR PLAINTIFF-APPELLANT.
GANGULY BROTHERS, PLLC, ROCHESTER (AVIK K. GANGULY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Monroe County (Joseph D. Waldorf, J.), entered June 13, 2025, in a breach of contract action. The order, insofar as appealed from, denied the motion of plaintiff for partial summary judgment on the second amended complaint and dismissed defendants' affirmative defenses and counterclaims.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking partial summary judgment on liability on the cause of action for breach of contract against NCTBP Calabrese, LLC, and as modified the order is affirmed without costs.
Memorandum: Plaintiff entered into a lease agreement with defendant NCTBP Calabrese, LLC (NCTBP), to operate a cannabis dispensary business. NCTBP was to provide a certificate of occupancy for the leased premises but, following a construction accident, the building's floor suffered a partial collapse and a notice of condemnation was issued. Plaintiff was unable to occupy the leased premises and defendants did not resolve the structural issues. Plaintiff commenced this action against defendants, asserting causes of action including breach of contract, breach of implied warranty of good faith and fair dealing, and unjust enrichment. Plaintiff also seeks to pierce the corporate veil to impose personal liability on defendant Doug Calabrese.
Plaintiff moved for, inter alia, partial summary judgment on its breach of contract cause of action, partial summary judgment on its breach of implied warranty of good faith and fair dealing cause of action, and summary judgment on its unjust enrichment cause of action, and requested that Supreme Court pierce the corporate veil. Plaintiff, as limited by its brief, appeals from an order insofar as it denied the motion with respect to breach of contract, breach of implied warranty of good faith and fair dealing, and unjust enrichment and refused to pierce the corporate veil.
Initially, we reject plaintiff's contention that the court should have pierced the corporate veil to hold Calabrese liable. "The determination to pierce the corporate veil is fact-laden and thus is not well suited for resolution by summary judgment" (Matter of Alpha Bytes Computer Corp. v Slaton, 307 AD2d 725, 726 [4th Dept 2003]). "[P]iercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). "[T]he mere claim that the [entity] was completely dominated by the owners, or conclusory assertions that the corporation acted as their alter ego, without more, will not suffice to support the equitable relief of piercing the corporate veil" (Inner [*2]Harbor Phase I L.P. v COR Inner Harbor Co. LLC, 211 AD3d 1475, 1479 [4th Dept 2022] [internal quotation marks omitted]). Here, plaintiff's affidavit submitted in support of its motion, as it pertains to its request to pierce the corporate veil, was predicated largely "upon information and belief" and on other conclusory assertions and therefore is insufficient to satisfy plaintiff's initial burden on summary judgment.
We agree with plaintiff, however, that the court erred in denying that part of its motion for partial summary judgment on the breach of contract cause of action against NCTBP inasmuch as plaintiff met its initial burden with respect to that cause of action and defendants failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "It is well settled that the elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Arista Dev., LLC v Clearmind Holdings, LLC, 207 AD3d 1127, 1127 [4th Dept 2022] [internal quotation marks omitted]; see Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). Here, plaintiff established, as a matter of law, that the lease existed, that plaintiff performed under the lease, and that NCTBP failed to repair or replace necessary structural parts of the premises, as required under the lease. The court erred in determining that defendants raised an issue of fact with respect to whether the contingency clause in the lease created a condition precedent that had to be satisfied before NCTBP's obligations under the lease arose (see generally Chrisanntha, Inc. v deBaptiste, 196 AD3d 1033, 1036 [4th Dept 2021]). The court further erred in determining that defendants raised a triable issue of fact with respect to the certificate of occupancy inasmuch as the inability to obtain a certificate of occupancy was caused by NCTBP's breach of the lease agreement and its failure to repair or replace necessary structural parts of the premises. We therefore modify the order by granting that part of the motion seeking partial summary judgment on liability on the cause of action for breach of contract against NCTBP.
We, however, reject plaintiff's contention that the court erred in denying that part of its motion for partial summary judgment on the breach of the implied warranty of good faith and fair dealing cause of action. A claim for breach of implied warranty of good faith and fair dealing must be based on a violation of a duty independent of the agreement and may not be duplicative of a breach of contract claim (see Marinaccio v Town of Clarence, 151 AD3d 1784, 1786 [4th Dept 2017], appeal dismissed 30 NY3d 1039 [2017]; Sue/Perior Concrete & Paving, Inc. v Lewiston Golf Course Corp., 109 AD3d 80, 92-93 [4th Dept 2013], affd 24 NY3d 538 [2014]; see generally Val Tech Holdings, Inc. v Wilson Manifolds, Inc., 119 AD3d 1327, 1330-1331 [4th Dept 2014]). Here, plaintiff's claim is based on NCTBP's failure to maintain or repair the building, which is also the basis of plaintiff's breach of contract cause of action and does not implicate a duty independent of the lease agreement.
We further reject plaintiff's contention that the court erred in denying that part of its motion for summary judgment on the unjust enrichment cause of action. "The elements of an unjust enrichment cause of action are that (1) the defendant was enriched; (2) the enrichment was at the expense of the plaintiff; and (3) it would be inequitable to allow the defendant to retain that which is claimed by the plaintiff" (OneWest Bank, FSB v Spencer, 145 AD3d 1488, 1489-1490 [4th Dept 2016]; see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]). "[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Georgia Malone & Co., Inc., 19 NY3d at 516 [emphasis added & internal quotation marks omitted]; see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009], rearg denied 12 NY3d 889 [2009]). "Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded" (IDT Corp., 12 NY3d at 142; see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]). Here, clause 21 of the lease agreement governs the subject matter of plaintiff's particular claims pertaining to the unjust enrichment cause of action, including trade fixtures and improvements to the property.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court